Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000712
31-MAY-2019
09:36 AM

NO. CAAP-17-0000712

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BANK OF HAWAII, Plaintiff-Appellee,
v.
KEITH KIMI and JEANNE KIMI, Defendants-Appellants,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50; Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 12-1-578K)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Defendants-Appellants Keith Kimi and Jeanne Kimi
(collectively, the Kimis), appeal from the "Order Denying
Defendants' Keith Kimi and Jeanne Kimi's Motion to Set Aside
Foreclosure Judgments Filed March 21, 2016" (Order), entered on
September 14, 2017, in the Circuit Court of the Third Circuit
(circuit court).[1]

This appeal arises from a foreclosure case against the
Kimis filed by Plaintiff-Appellee Bank of Hawaii (BOH) on
November 30, 2012. The foreclosure case resulted in two
judgments (collectively, Foreclosure Judgments): (1) the
August 11, 2014 Judgment entered pursuant to the "Findings of
Fact, Conclusions of Law, Order Granting [BOH]'s Motion for
Summary Judgment Against All Parties and for Interlocutory Decree
of Foreclosure filed April 24, 2014"; and (2) the February 24,

--------

[1] The Honorable Melvin H. Fujino presided.

2015 Judgment entered pursuant to the "Order Granting [BOH]'s Motion for Order Confirming Foreclosure Sale, Allowance of Costs, Commissions, Fees, Directing Conveyance and For Writ of Possession filed November 26, 2014." On March 21, 2016, the Kimis filed a "Motion to Set Aside Foreclosure Judgments" (Motion to Set Aside) under Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b)(4) (2006),[2] and on September 14, 2017, after conducting a hearing, the circuit court filed its Order denying the Kimis' Motion to Set Aside. The Kimis timely appealed the Order.

In their opening brief, the Kimis raise a single point of error contending that the circuit court erred in refusing to set aside its Foreclosure Judgments when those judgments "were obtained as a result of insufficient service of process in violation of Appellant Keith Kimi's constitutional rights to due process of law, rendering those judgments void."[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant case law, we resolve the Kimis' appeal as follows.

Unlike motions under other subsections of HRCP Rule 60(b), we review motions under HRCP Rule 60(b)(4) *de novo* because:

> [t]he determination of whether a judgment is void is not a discretionary issue. It has been noted that a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law. Wright & Miller, Federal Practice and Procedure: Civil § 2862 (1973). Other authorities, cognizant of the

---

[2] HRCP Rule 60(b)(4) states in relevant part:

> **(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void[.]

[3] On appeal, BOH filed a motion to dismiss the appeal as moot. We denied the motion "without prejudice to the parties further addressing the applicability of the mootness doctrine and the applicability of possible exceptions to the mootness doctrine in their respective appellate briefs". Only BOH addressed the issue in its brief on appeal. As we hold in favor of BOH in this appeal, we need not address the issue of mootness.

extraordinary remedy afforded by the rule and the need to narrowly define it, have stated:

> In brief, then, except for the rare case where power is plainly usurped, if a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgment, whether right or wrong, are not subject to collateral attack . . . .

7 Moore's Federal Practice ¶ 60.25 (1980). See also V.T.A. Inc. v. Airco, Inc., 597 F.2d 220 (1979); In Re Four Seasons Securities Law[s] Litigation, 525 F.2d 500 (10th Cir. 1975).

In re Hana Ranch Co., Ltd., 3 Haw. App. 141, 146, 642 P.2d 938, 941-42 (1982). Moreover, "[i]n the sound interest of finality, the concept of void judgment must be narrowly restricted." Dillingham Investment Corp. v. Kunio Yokoyama Trust, 8 Haw. App. 226, 233, 797 P.2d 1316, 1320 (1990) (internal quotation marks and citation omitted).

Citicorp Mortgage, Inc. v. Bartolome, 94 Hawai'i 422, 428, 16 P.3d 827, 833 (App. 2000) (brackets and ellipsis in original); see also Cvitanovich-Dubie v. Dubie, 125 Hawai'i 128, 139, 254 P.3d 439, 450 (2011).

On appeal, the Kimis contend that the Foreclosure Judgments are void because BOH's service on Keith Kimi by publication constituted insufficient service of process. The Kimis base this contention on the argument that BOH's attempts to serve Keith Kimi personally were not reasonable or diligent under the circumstances and did not justify the circuit court's granting of BOH's motion to serve Keith Kimi by publication. This contention is without merit.

First, regarding BOH's motion to serve Keith Kimi by publication, "[o]ur own constitutional due process clauses require that service of process be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Eto v. Muranaka, 99 Hawai'i 488, 498, 57 P.3d 413, 423 (2002) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "Under Hawai'i law, while 'such notice is disfavored[,]' due process is not violated when notice is made by publication, when, 'in appropriate circumstances, notice by publication alone might be the only "reasonable possible or practicable" warning.'" Id. (quoting

3

Klinger v. Kepano, 64 Haw. 4, 10, 635 P.2d 938, 942 (1981)).

In the present case, the filed records of BOH and its process server as contained in the record on appeal clearly show that Keith Kimi admitted in his Motion to Set Aside that the process server attempted multiple times, in person and at the Kimis' home, to serve Keith Kimi before, during, and after regular business hours. BOH also attempted to serve Keith Kimi multiple times before, during, and after business hours at other residential locations that Keith Kimi owned and at a business address reportedly affiliated with Keith Kimi. Based on BOH's inability to serve the Kimis in person, the circuit court granted BOH's motion to serve the Kimis via certified mail. BOH successfully completed service on Jeanne Kimi via certified mail. The service documents sent to Keith Kimi at the same address were refused (not returned as undeliverable). The circuit court then granted BOH permission to serve Keith Kimi by publication, and BOH successfully completed service by publication on Keith Kimi on October 24, 2013.

On this record, BOH's efforts were diligent and reasonably calculated to apprise the Kimis of the pending foreclosure action. Prior to publication, BOH made diligent efforts to serve the Kimis in person and successfully served Jeanne Kimi via certified mail. The service documents sent to Keith Kimi at the same address at which Jeanne Kimi was effectively served were refused.[4] Thus, BOH's service of process by publication on Keith Kimi was the only reasonable possible or practicable warning under the circumstances and did not violate due process.

Second, any deficiency of the service of process in this case was harmless error. On November 15, 2013, the Kimis, *pro se*, filed a document signed by Keith Kimi which contested the foreclosure in general, method of service specifically, and

---

[4] The Kimis argue on appeal that the address at which BOH attempted to serve Keith Kimi by mail was incorrect (the documents were sent to Suite 12 instead of Suite 120) and thus BOH's efforts were not reasonable under the circumstances. However, because Jeanne Kimi accepted service on herself at the same incorrect address (Suite 12), BOH had a reasonable foundation to believe it had the correct address for Keith Kimi as well.

4

included a copy of the publication notice. Amidst other communications with BOH from 2013 through 2015 concerning the case, the Kimis sent a "cease and desist" letter to the court-appointed commissioner demanding that she cease the foreclosure proceedings.

Keith Kimi's participation in the case demonstrates the effectiveness of BOH's service by publication in this case as the documents Keith Kimi filed with the court on November 15, 2013, included a copy of the publicized notice of the case. Further, the Kimis make no allegation on appeal that they were prejudiced by the alleged deficiency of process. Thus any deficiency in the service of process on Keith Kimi by publication was harmless error and insufficient to merit a determination that the Foreclosure Judgments are void. See Peak Capital Group, LLC v. Perez, 141 Hawaiʻi 160, 407 P.3d 116 (2017) (a party's communications with opposing party concerning the foreclosure and a personal appearance in the foreclosure proceeding indicate that a party was given sufficient notice of the foreclosure, and they render meritless the party's due process claim based on deficiency of service); see also Bank of Hawaii v. Shinn, 120 Hawaiʻi 1, 11, 200 P.3d 370, 380 (2008) ("The opportunity to address the case on its merits meant that [Defendant] was not prejudiced by the lack of notice, rendering the error harmless.").

Based on the foregoing, the "Order Denying Defendants' Keith Kimi and Jeanne Kimi's Motion to Set Aside Foreclosure Judgments Filed March 21, 2016," entered on September 14, 2017, in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, May 31, 2019.

On the briefs:

Gary Victor Dubin
and Frederick J. Arensmeyer,
for Defendants-Appellants.

Johnathan C. Bolton
and Dylan J. Taschner,
(Goodsill Anderson Quinn &
Stifel),
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5